## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA G. FONZI,                                          Civil Action No. 2:20-CV-269

    Plaintiff,

v.

CULINAIRE INTERNATIONAL, INC.

    Defendant.                                    JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Maria G. Fonzi, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I.   Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1331; 28 U.S.C. §§ 1331 and 1343(a)(4); and 29 U.S.C. §2617(a)(2).

### II.   Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Allegheny County.

### III.   Administrative Exhaustion

3. Fonzi has satisfied all procedural and administrative requirements set forth in 42 U.S.C. § 2000e-5, as amended, and 42 U.S.C. §12102, *et seq*. in that:

    a. On or about September 6, 2018, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging sexual harassment and retaliatory harassment, which was cross-filed as a complaint with the Pennsylvania Human Relations Commission (PHRC).

  b. On or about November 29, 2018, Plaintiff filed a timely amended charge with the EEOC alleging further retaliation, which was cross-filed as a complaint with the PHRC.

  c. Plaintiff received a Dismissal and Notice of Rights dated December 12, 2019.

  d. This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

  e. More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

## IV. Parties

4. Plaintiff, Maria G. Fonzi, is an individual who resides in Allegheny County, Pennsylvania.

5. Defendant, Culinaire International, Inc., has its business office located at 8303 Elmbrook Drive, Dallas, TX 75247.

6. At all times relevant hereto, Defendant was an "employer" within the meaning of 42 U.S.C. § 2000e(b), in that it is an employer engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

7. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V. Factual Background

8. Fonzi started working for Defendant in September 2015 as Executive Pastry Chef.

9. In August 2016, Defendant promoted Fonzi to Executive Sous Chef with

added Executive Pasty Chef responsibilities.

10. In April 2018, Defendant awarded Fonzi the "Rookie of the Year" award for her excellent work performance.

11. On June 7, 2018, Mario Johnson, Line Cook, sexually harassed Fonzi when he grabbed her buttocks with both hands.

12. On June 12, 2018, Line Cook Johnson sexually harassed Fonzi by asking her to meet him after work and have sex with him and later that day rubbing his hand against Fonzi's crotch.

13. On June 15, 2018, Fonzi reported the above sexual harassment to General Manager John Szymanski, who told Fonzi to write down what happened, and give him a written statement so he could fax it to H.R.

14. Fonzi complied with General Manager Szymanski's directive.

15. On June 18, 2018, Executive Chef Doug Genovese met with Fonzi, told Fonzi that Line Cook Johnson denied the allegations when General Manager Szymanski asked him, and complained to Fonzi that he had to interview the managers regarding Fonzi's sexual harassment allegations.

16. On June 19, 2018, when Fonzi met with General Manager Szymanski and Executive Chef Genovese, they told Fonzi that "this" is never going to be talked about again and that Fonzi would not be required to work with Line Cook Johnson in the future.

17. General Manager Syzmanski and Executive Chef Genovese also laughed during the meeting even though Fonzi was visibly upset.

18. After that meeting, Executive Chef Genovese retaliated against Fonzi by not speaking to her, not teaching her anything or helping her in any way.

19. Executive Chef Genovese told Fonzi that there was a "high stress level" in the kitchen that was in part Fonzi's fault and that upper management views Fonzi in a negative manner.

20. Executive Chef Genovese repeatedly scheduled Fonzi to work with Line Cook Johnson despite assuring Fonzi that would not happen.

21. On July 21, 2018, Line Cook Johnson was working extremely close to Fonzi, gloating and singing.

22. When Fonzi asked Executive Chef Genovese when Line Cook Johnson's shift would be over, he laughed and intimated that Fonzi should feel comfortable working with Line Cook Johnson.

23. On July 31, 2018, Executive Chef Genovese criticized a wedding cake that Fonzi made that was exactly as ordered and yelled, to "go home right now!"

24. On August 1, 2018, Fonzi approached VP of HR Kimberly Larsen and told her all of the above.

25. Instead of addressing Fonzi's concerns, VP of HR Larson:

   a. told Fonzi not to make herself "vulnerable" at work;

   b. said Fonzi's work environment is not "hostile" but may be "uncomfortable" for her;

   c. told Fonzi to leave if she is uncomfortable around Line Cook Johnson in the kitchen; and

   d. blamed Fonzi for not directly handling Line Cook Johnson when he was sexually harassing her.

26. Fonzi filed her original EEOC Charge in early September 2018.

27. Around the same time, Executive Chef Genovese gave Fonzi her annual evaluation causing Fonzi to receive a raise.

4

28. Executive Chef Genovese did not tell Fonzi of any performance issues until September 20, 2018, when she received an Annual Appraisal Recap Memorandum that listed areas of improvement, which were included in her annual evaluation a few weeks before.

29. Executive Chef Genovese also retaliated against Fonzi by telling her contradictory tasks to perform (or not perform) and then blaming her for doing (or not doing) so.

30. On September 26, 2018, Fonzi submitted a rebuttal to the Recap in which she identified the performance allegations that were untrue.

31. In early October 2018, Defendant conducted employee surveys.

32. On October 4, 2018, VP of HR Larson met with Fonzi and said that employees complained about Fonzi in the employee surveys and that nobody respects Fozni.

33. The following day, on October 10, 2018, Fonzi met with Sr. VP of Operations Scott Thompson.

34. During their meeting, Sr. VP of Operations Thompson told Fonzi that nobody respects her and blamed her for not training herself on the duties of her promoted position of Executive Sous Chef (even though Executive Chef Genovese was supposed to train Fonzi but refused to do so).

35. Also during their meeting, Sr. VP of Operations Thompson said that Executive Chef Genovese "isn't going anywhere", he believes everything Executive Chef Genovese says "without question" and if Fonzi cannot work with Executive Chef Genovese, then she cannot be the Executive Sous Chef.

36. Sr. VP of Operations Thompson also asked Fonzi why her relationship with Executive Chef Genovese "went downhill".

37. When Fonzi answered that the reason was because she made a sexual harassment complaint in June 2018, Sr. VP of Operations Thompson said that he would not discuss that topic and told Fonzi, "you have your people and I have mine."

38. Fonzi took Sr. VP of Operations Thompson's words to indicate that he was aware of Fonzi's EEOC complaint.

39. Throughout the meeting, Sr. VP of Operations Thompson told Fonzi, "Oh, because you're always right and nothing you do is wrong" in response to Fonzi when she attempted to talk.

40. On October 29, 2018, Fonzi met with Executive Chef Genovese, and he placed her on a 30-day Performance Improvement Plan ("PIP").

41. Fonzi met with Executive Chef Genovese the following week, on November 5, 2018, and he told Fonzi that her performance was good.

42. Fonzi could not meet with Executive Chef Genovese the second week of the PIP, November 12, 2018, because she had a doctor's appointment.

43. Two days later, on November 14, 2018, without waiting for Fonzi's 30-day PIP to expire, Executive Chef Genovese and Restaurant General Manager Jeannie Clark met with Fonzi and fired her.

**Count I**
**Title VII – Retaliatiory Harassment**

44. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 43, as if fully restated herein.

45. Defendant's actions directed to Fonzi created a retaliatory hostile work

6

environment.

46. The aforesaid treatment of Fonzi was intentional and was undertaken by Defendant because of Fonzi's protected conduct.

47. The aforesaid treatment of Fonzi was pervasive, regular and severe in that she was repeatedly subjected to offensive, hostile and derogatory work conditions because of her protected conduct.

48. Defendant's aforesaid conduct, through its agents, servants, and employees, detrimentally affected Fonzi.

49. Defendant's actions, through its agents and servants, would detrimentally affect a reasonable person in Fonzi's position.

50. Defendant knew of the existence of a retaliatory hostile environment.

51. Despite such knowledge, Defendant failed to take prompt and adequate remedial action to prevent and to stop the conduct.

52. The actions of Defendant, as set forth above discriminated against Fonzi in a term and condition of her employment because of her protected conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

53. Defendant's actions were intentional and were taken in reckless indifference to Fonzi's federally protected right to not be subjected to unwelcome and unwanted retaliatory conduct.

54. As a direct and proximate result of Defendant's actions, Fonzi suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

WHEREFORE, Fonzi demands judgment pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

    b.    That Defendant be ordered to reinstate Fonzi into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c.    That Defendant be required to compensate Fonzi for the full value of wages she would have received had it not been for Defendant's illegal treatment of Fonzi, with interest until the date Fonzi is offered employment into a position substantially equivalent to the one which Fonzi occupied on November 14, 2018;

    d.    That Defendant be required to provide Fonzi with front pay if the Court determines reinstatement is not feasible;

    e.    That Defendant be required to compensate Fonzi for lost benefits, including profit sharing and/or pension benefits until Fonzi's normal retirement date;

    f.    That Fonzi be awarded compensatory damages in an amount to be determined at trial;

    g.    That Fonzi be awarded punitive damages in an amount to be determined at trial;

    h.    That Defendant be enjoined from discriminating or retaliating against Fonzi in any manner prohibited by Title VII;

    i.    That Fonzi be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    j.    That Fonzi be granted such further legal and equitable relief as the Court may deem just and proper

## Count II
## Title VII Retaliation

55. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 54, as if fully restated herein.

56. Fonzi opposed unwelcome sexual comments and conduct, which she in good faith believed was illegal conduct under federal and state anti-discrimination laws.

57. Following her opposition to unwanted sexual comments and conduct, Defendant fired Fonzi.

58. Defendant retaliated against Fonzi because she opposed conduct made illegal under Title VII, in violation of 42 U.S.C. § 2000e-3(a).

59. As a result of Defendant's retaliation against Fonzi, she has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

    b. That Defendant be ordered to reinstate Fonzi into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c. That Defendant be required to compensate Fonzi for the full value of wages she would have received had it not been for Defendant's illegal treatment of Fonzi, with interest until the date Fonzi is offered employment into a position substantially equivalent to the one which Fonzi occupied on November 14, 2018;

    d.    That Defendant be required to provide Fonzi with front pay if the Court determines reinstatement is not feasible;

    e.    That Defendant be required to compensate Fonzi for lost benefits, including profit sharing and/or pension benefits until Fonzi's normal retirement date;

    f.    That Fonzi be awarded compensatory damages in an amount to be determined at trial;

    g.    That Fonzi be awarded punitive damages in an amount to be determined at trial;

    h.    That Defendant be enjoined from discriminating or retaliating against Fonzi in any manner prohibited by Title VII;

    i.    That Fonzi be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    j.    That Fonzi be granted such further legal and equitable relief as the Court may deem just and proper.

### Count III
### PHRA

60.    Plaintiff incorporates by reference the allegations in Paragraphs 1 to 59, as if fully restated herein.

61.    Defendant's harassment and termination of Fonzi was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq*.

62.    As a direct result of Defendant's discriminatory actions in violation of the PHRA, Fonzi has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b. That Defendant be ordered to reinstate Fonzi into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c. That Defendant be required to compensate Fonzi for the full value of wages she would have received had it not been for Defendant's illegal treatment of Fonzi, with interest until the date Fonzi is offered employment into a position substantially equivalent to the one which Fonzi occupied on November 14, 2018;

d. That Defendant be required to provide Fonzi with front pay if the Court determines reinstatement is not feasible;

e. That Defendant be required to compensate Fonzi for lost benefits, including profit sharing and/or pension benefits until Fonzi's normal retirement date;

f. That Fonzi be awarded compensatory damages in an amount to be determined at trial;

g. That Defendant be enjoined from discriminating or retaliating against Fonzi in any manner prohibited by Title VII;

h. That Fonzi be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i. That Fonzi be granted such further legal and equitable relief as the Court may deem just and proper

Respectfully submitted:

_____
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700

Attorneys for Plaintiff,
Maria G. Fonzi